UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

Plaintiff,

-against-

PEOPLE OF THE STATE OF NEW YORK; STATE OF NEW YORK COURT OF APPEALS; DISTRICT ATTORNEY ALVIN BRAGG,

Defendants.

26-CV-3866 (KMW)

ORDER TO AMEND

KIMBA M. WOOD, United States District Judge:

Plaintiff Saul Sabino is currently detained on Rikers Island. He filed this complaint *pro se*, pursuant to 42 U.S.C. § 1983, seeking to appeal a decision from the New York State Court of Appeals denying him leave to appeal a state criminal conviction. (ECF 1 at 2.) By separate Order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 10.) For the following reasons, the Court construes the pleading as a petition for *habeas corpus* relief under 28 U.S.C. § 2254 and grants Plaintiff leave to either withdraw this complaint or file an amended petition within 60 days from the date of this Order.

## STANDARD OF REVIEW

A state detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus*, on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the Plaintiff is not entitled to relief in the district court." Rules Governing

§ 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obligated to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the complaint, dated April 17, 2026.[1] Plaintiff alleges that on August 10, 2020, Port Authority police officers used excessive force and falsely arrested him on "highly inflated violent criminal charges."[2] (ECF 1 at 4.) Plaintiff asserts that, due to the pandemic, there was a delay in his state-court criminal proceedings under Indictment No. 01504/2020, but that they resumed on May 23, 2021. Plaintiff claims that the New York County District Attorney's Office was "not ready for trial" six months later, and he "filed tons of

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] Plaintiff filed a civil rights lawsuit arising from that incident. *Sabino v. Pt. Auth. Police Dep't*, No. 21-CV-05731 (JGK) (BCM) (S.D.N.Y. May 7, 2025) (granting summary judgment to defendants on claims arising from August 10, 2020, arrest), No. 25-1456 (2d Cir. Apr. 2, 2026) (dismissing appeal on default). Plaintiff also filed three actions in this court while his criminal matter was pending in the state court. *See Sabino v. Pt. Auth. Police Dep't*, No. 22-CV-5025 (LTS) (S.D.N.Y. July 22, 2022) (determining that removal of criminal proceedings was improper and remanding to state court); *Sabino v. Pt. Auth. Police Dep't*, No. 22-CV-6229 (LTS) (S.D.N.Y. Sept. 9, 2022) (dismissing without prejudice, for failure to respond to court order, action appearing to seek *habeas corpus* relief under 28 U.S.C. § 2241), 22-1998 (L), 22-2402 (Con) (2d Cir. Sept. 8, 2023) (denying certificate of appealability and dismissing appeal); *Sabino v. Warden*, No. 25-CV-4285 (KMW) (S.D.N.Y. Nov. 10, 2025) (dismissing Section 2241 petition without prejudice for failing to allege exhaustion or to show cause and prejudice for the procedural default), No. 25-3226 (2d Cir. May 5, 2026) (dismissing appeal on default).

motion[s]" seeking dismissal of the charges on speedy trial grounds, "due to both NYS and US constitutional speedy trial rights and NYS Khalief's law." (*Id.*)

Plaintiff claims that:

> the false arrest with the same exact charges of 5-5-21 was dismissed, but not this case of Indictment No. 01504/2020. Then on Oct 24, 2022 just the false violent charges of robbery & assault I never did were dismissed & due to the duress of being in a hostile jail of violence death & ill treatments I lost hope & was force[d] to plead [guilty] to [a] non-violent criminal poss. [of a weapon] charge. . .

(*Id.* at 4.)

The state court sentenced Plaintiff to 3 to 6 years on a parole violation. (*Id.*) According to Plaintiff, he "lost" on direct appeal because his attorneys were ineffective and failed to raise: (1) the alleged violation of his right to a speedy trial; (2) the alleged violation of his right to due process; and (3) alleged prosecutorial misconduct. (*Id.*) Instead, Plaintiff claims, the attorneys appealed "base[d] on [his] awful sad mental health life & unfair treatments & abuses."[3] (*Id.*) Plaintiff seeks dismissal and sealing of Indictment No. 01504/2020. (*Id.* at 5.) On October 26, 2026, the Court received from Plaintiff a motion for *pro bono* counsel. (ECF 12.)

## DISCUSSION

### A. Designation of Application as Petition Under 28 U.S.C. § 2254

Plaintiff's petition must be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 because he seeks to challenge "the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

[3] *People v Sabino*, 224 N.Y.S.3d 420, 2025 WL 336985 (1st Dep't, Jan. 30, 2025) (holding that the sentence imposed was not excessive and affirming the conviction), 43 N.Y.3d 965, (Apr. 22, 2025) (denying leave to appeal). The order denying leave is attached to the complaint. (*Id.* at 7.)

U.S.C. § 2254. A plaintiff has only one opportunity within the limitations period for a full adjudication of his claims pursuant to 28 U.S.C. § 2254 [4]. Plaintiff now has a choice: he may either ask the Court to treat *this* petition as his one attempt to seek *habeas corpus* relief pursuant to 28 U.S.C. § 2254, or he may withdraw this petition and file an amended petition. If Plaintiff does not want to pursue relief under Section 2254, he must notify the Court in writing within 60 days that he wishes to withdraw this petition, and that he will file an amended petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). If Plaintiff does not inform the Court of his intent within 60 days, this application shall remain designated as his petition under Section 2254.

**B. Rule 2 of the Rules Governing Section 2254 Cases**

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the Plaintiff's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

---

[4] A prisoner seeking habeas relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates:

> (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1)-(2). This submission is timely under Section 2244(d)(1).

The Court grants Plaintiff leave to file an amended petition in which he asserts all of his grounds for relief and provides all of the available facts to support those claims.[5] The amended petition will replace the original pleading. If Plaintiff does not withdraw this petition or file an amended petition within 60 days, the application shall remain designated as a petition under Section 2254 and shall be reassigned, in its current form, to a district judge in accordance with the procedures of the Clerk's Office.[6]

### C. Motion for counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.[7]

---

[5] The proper defendant in a *habeas* petition challenging a criminal conviction and seeking release from custody is petitioner's custodian—usually the warden or superintendent of the facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

[6] Plaintiff alleges that he did not exhaust his claims due to ineffective assistance of counsel. In a prior case, the Court explained to Plaintiff that a state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus*, unless he could show entitlement to relief under one of the recognized exceptions to the exhaustion requirement. *See Sabino*, No. 25-CV-4285 (KMW) (S.D.N.Y. Nov. 10, 2025) (explaining the requirement to show cause for a procedural default and resulting prejudice). A claim that counsel was ineffective may, under some circumstances, constitute "cause." *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994). Whether Plaintiff can make this showing is a determination to be made at a later stage.

[7] There is no constitutional right to counsel in *habeas corpus* proceedings. Under the Criminal Justice Act ("CJA"), a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint CJA counsel, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by other civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper*, 877 F.2d at 172).

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

The Court finds that this application, notwithstanding its designation, should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. If Plaintiff does not want to pursue relief under Section 2254, he may notify the Court in writing within 60 days that he wishes to withdraw the application. The Court denies the motion for counsel without prejudice.

The Court grants Plaintiff leave to file an amended *habeas corpus* petition. An Amended Habeas Corpus Petition is attached. If Plaintiff does not inform the Court of his intent within 60 days, or if Plaintiff does not file an amended *habeas corpus* petition, the application shall remain designated as a petition under Section 2254 and shall be reassigned, in its current form, to a district judge in accordance with the procedures of the Clerk's Office. No answer shall be required at this time.

Because Plaintiff has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

**AMEDED** ____________ **Civ.** ________________ **(          )**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: |
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: |
| Petitioner (include the name under which you were convicted) | v. Respondent (authorized person having custody of petitioner) |
| The Attorney General of the State of | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime? ❒ Yes ❒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) What was your plea? (Check one)

   ❒ (1) Not guilty ❒ (3) Nolo contendere (no contest)

   ❒ (2) Guilty ❒ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury ❒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes ❒ No

8. Did you appeal from the judgment of conviction?

❒ Yes ❒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ❒ Yes ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ❒ Yes ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❐ Yes ❐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❐ Yes ❐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❐ Yes ❐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❐ Yes ❐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❐ Yes ❐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

____________________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _________________ (month, date, year).

Executed (signed) on _________________ (date).

____________________________________

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print Save As... Export as FDF Retrieve FDF File Reset